EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Newark Area Office
One Newark Center, 21" Floor
Newark, NJ 07102-5233
Jeffrey Burstein, Trial Attorney
973-645-2267
Fax: 973-645-4524
jeffrey.burstein@eeoc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY  :
COMMISSION,

                              Civil Action No.

         **Plaintiff,**

    v.                          **COMPLAINT**
                               **AND JURY TRIAL DEMAND**

THE URBAN LEAGUE OF ESSEX COUNTY

         **Defendant.**   :
-------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Linda Robinson ("Charging Party"), who was adversely affected by such practices. As alleged with greater particularity below, The Urban League of Essex County ("Urban League" or "Defendant"), located at 507 Central Avenue, Newark, N.J., denied the Charging Party's request for reasonable accommodation and then discriminatorily discharged the Charging Party on the basis of her disability.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3.  Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e -5 (f)(1) and (3).

4.  At all relevant times, Defendant has been a non-profit organization doing business in the State of New Jersey and the City of Newark, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C.§ 12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g), and (h).

6.  At all relevant times, Defendant employed Linda Robinson.

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Ms. Robinson filed a charge with the Commission alleging violations of the ADA based on conduct by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Ms. Robinson had been continuously employed by Defendant from August 2005 until the time of the termination of her employment, April 14, 2006. Ms. Robinson was the Director of Special Educational Services for the Urban League.

9. In April 2006, Defendant engaged in unlawful employment practices in violation of Section 102 of the ADA at 42 U.S.C. §12112(a) and (b), including but not limited to the following:

    a    Ms. Robinson was stricken with breast cancer and as a result had a mastectomy that prevented her and continues to prevent her, among other things, from engaging in the major life activity of lifting for one arm, and thus is disabled within the meaning of the ADA, 42 U.S.C. §12102(2).

    b.    First in February 2006 and then again in March 2006, Ms. Robinson informed her supervisor, an Urban League upper level manager, about her disability. In March 2006, Ms. Robinson also notified this supervisor that she was scheduled to undergo follow up surgery related to her medical condition on April 18, 2006.

    c.    On April 10, 2006, Ms. Robinson requested that Defendant grant her a two-week medical leave for her surgery. This request was denied by Defendant on April 12, 2006.

    d.    On April 14, 2006, Defendant sent an e-mail to Ms. Robinson stating that because of her absence from work, Defendant considered her to have abandoned her job.

    d.    Defendant denied Ms. Robinson's reasonable accommodation request to enable her to undergo surgery caused by her disability and then terminated

Ms. Robinson on the basis of her disability in violation of 42 U.S.C. § 12101 et seq.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Ms. Robinson of equal employment opportunities and otherwise adversely affect Ms. Robinson's status as an employee because of her disability, and has caused her injury and damages.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Ms. Robinson.

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of an employee's disability.

B. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to institute and carry out policies, practices, and programs which provide equal opportunities for employees who are disabled, have a record of disability, or are perceived to be disabled, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to make whole Ms. Robinson whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial; by reinstating Ms. Robinson to her former position with Defendant with no less than the same salary and benefits that had

been provided to Ms. Robinson in the position she had held when his employment was terminated; and by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

    D.    Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to make whole Ms. Robinson by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    E.    Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to pay Ms. Robinson punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 19, 2008
Newark, New Jersey

Respectfully submitted,
Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1801 L Street, N.W.
Washington, D.C. 20507


s/ Elizabeth Grossman
Elizabeth Grossman
Regional Attorney
212-336-3696
elizabeth.grossman@eeoc.gov

s/ Judy Keenan
Judy Keenan
Supervisory Trial Attorney
212-336-3705
judy.keenan@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
Telephone No.: 212-336-3706
Facsimile No.: 212-336-3623


s/ Jeffrey Burstein
Jeffrey Burstein
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Newark Area Office
One Newark Center, 21st Floor
Newark, N.J. 07102
Telephone No.: 973-645-2267
Facsimile No.: 973-645-4524
Email: jeffrey.burstein@eeoc.gov